**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FREDERICK BANKS, | Case No. 2:16-cv-01158-JAD-CWH |
| Plaintiff, | |
| v. | |
| FEDERAL BUREAU OF INVESTIGATION, et al., | **REPORT AND RECOMMENDATION** |
| Defendants. | |

On July 14, 2016, the court issued an order (ECF No. 3) denying without prejudice Plaintiff's incomplete application to proceed *in forma pauperis* (ECF No. 1). In its order, the court informed Plaintiff that his claim would be dismissed if he did not file a completed application to proceed *in forma pauperis* or pay the full filing fee of $400 within thirty days. As of August 23, 2016, Plaintiff has not responded to the court's order.

District courts have the inherent power to control their dockets and may impose sanctions, including dismissal of a case, when appropriate. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)

To determine whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Id*.

Here, only the fourth factor does not support dismissal. The public's interest in expeditiously resolving this matter and the court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

Finally, a court's unheeded warning that failure to obey an order may result in dismissal is sufficient to demonstrate that less drastic alternatives were considered, but proved inadequate. *Henderson*, at 1424.  The court's order requiring Plaintiff to file another application to proceed *in forma pauperis* or pay the full filing fee within thirty days expressly stated that  "failure to timely comply with this order may result in a recommendation that this case be dismissed." (ECF No. 3 at 2).  Thus, Plaintiff had adequate warning that failure to comply with the court's order would result in dismissal.  The court therefore finds that the factors supporting dismissal in this case substantially outweigh the lone factor tending against dismissal.

## RECOMMENDATION

IT IS THEREFORE RECOMMENDED that this action be dismissed.

## NOTICE

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within fourteen days of being served with this Report and Recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the District Court's Order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: August 23, 2016.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge